**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FINCO SERVICES, INC., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-9410 |
| | ) |
| FACEBOOK, INC., CALIBRA, INC., JLV, LLC, | ) **COMPLAINT** |
| and CHARACTER SF, LLC, | ) |
| | ) **JURY TRIAL DEMANDED** |
| *Defendants*. | ) |
| | ) |

Plaintiff Finco Services, Inc. brings this Complaint against defendants Facebook, Inc.,

Calibra, Inc., JLV, LLC, and Character SF, LLC (together, "Defendants"), and alleges, on

knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is an action for trademark infringement, unfair competition, and false

designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for

related state law claims, all arising from the Defendants' unauthorized use of Plaintiff's

trademarks and service marks in connection with the marketing, advertising, and promotion of

the planned launch of the "Calibra" digital wallet and related financial services.

2.      Plaintiff seeks preliminary and permanent injunctive relief as well as monetary

relief.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28

U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction

under 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because a Defendant resides in the district and all Defendants reside in or are subject to personal jurisdiction in this district, and under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

## PARTIES

5.      Plaintiff Finco Services, Inc. is a corporation operating under the name Current ("Current"). It is incorporated in the State of Delaware and has its principal place of business in New York, New York. Current provides online and mobile banking services via a mobile application or "app."

6.      Defendant Facebook, Inc. ("Facebook") is a Delaware corporation with its principal place of business in Menlo Park, California, and an office in New York City, New York.

7.      Defendant Calibra, Inc. ("Calibra") is a Delaware corporation with its principal place of business in Menlo Park, California, and an office in New York City, New York. Calibra is a subsidiary of Facebook, which plans on launching a digital wallet for the Libra cryptocurrency sometime in 2020.

8.      Defendant JLV, LLC ("JLV") is a Delaware limited liability company with its principal place of business in Menlo Park, California. JLV is a subsidiary of Facebook and, upon information and belief, is the entity that owns the intellectual property, including the infringing trademarks and service marks, related to Calibra.

9.     Defendant Character SF, LLC ("Character") is a California limited liability company with offices in San Francisco, California and Brooklyn, New York. Character is a branding and design agency.

## STATEMENT OF FACTS

**A.     Current and its CURRENT Design Marks**

10.     Founded in 2015 by Stuart Sopp, Current provides online banking and financial services, including the electronic transfer of money, via a mobile app.

11.     In 2016, Current paid Character to create a branding strategy and identity for the company.

12.     As part of this branding strategy and identity, Character created certain logo designs for Current to use in connection with its banking services and mobile app.

13.     As a branding agency, Character knew and understood that the purpose of the logo designs was to assist Current in creating a brand identity, and to act as trademarks and service marks that identify Current as the exclusive source of origin of the Current banking services and app.

14.     Upon information and belief, one of the logo designs created by Character for Current, and which has been in use by Current since at least as early as 2016, appears below (the "CURRENT Logo"):



15.     Upon information and belief, Character also created design iterations incorporating the CURRENT Logo, including, but not limited to, the images below, which

Current has used at various times as an icon in connection with its mobile app and in connection with providing online banking services, among other related uses in commerce (the "CURRENT Icon"):

 

16.     The CURRENT Icon on the left is used in connection with Current's app offered to consumers using Android devices via the Google Play Store, and the CURRENT Icon on the right is used in connection with Current's app offered to consumers using Apple devices via the Apple App Store.

17.     Current owns a use-based application to register the CURRENT Logo (without claiming color) in the U.S. Patent and Trademark Office ("USPTO") in connection with, among other things, banking services in Class 36, downloadable software for enabling the electronic transfer of money between users in Class 9, and providing the use of online non-downloadable software for enabling processing of electronic funds transfer, electronic check, and electronic mobile and online payments in Class 42. (Application Serial No. 88,490,176; *see also* Application Serial No. 88,489,765 (use-based application to register the CURRENT word mark combined with the CURRENT Logo).)

18.     Current is also the owner of an intent-to-use application to register the CURRENT Logo (without claiming color) in the USPTO in connection with a mobile computer software application used for enabling cryptocurrency-based transactions in Class 9 and SaaS services

4

used for enabling cryptocurrency-based transactions in Class 42. (Application Serial No. 88,489,824.)

19.     Current has used the CURRENT Logo and CURRENT Icon design marks (together, the "CURRENT Marks") in commerce throughout the United States continuously since at least as early as August 25, 2016 in connection with the offering for sale, sale, marketing, advertising, and promotion of Current's online and mobile banking and financial services.

20.     For example, Current uses the CURRENT Marks in connection with its mobile App in the Google Play Store and the Apple App Store, as well as on mobile devices:



21.     Current brands its debit cards with the CURRENT Marks, such as the below example:



22.     Current uses the CURRENT Marks on its website located at https://current.com.

23.     As a result of its widespread, continuous, and exclusive use of the CURRENT Marks to identify its downloadable app and related banking and financial services and Current as the source of origin for that app and those services, consumers have come to recognize and associate the CURRENT Marks with Current. Current owns valid and subsisting trademark rights and has acquired substantial consumer goodwill in and to the CURRENT Marks.

24.     The CURRENT Marks are distinctive to both the consuming public and the financial service industry.

25.     Current has expended substantial time, money, and resources marketing, advertising, and promoting its banking services offered under the CURRENT Marks including through the use of social media and influencers as well as online, radio, TV, and print.

26.     Current offers and sells its banking services under the CURRENT Marks to the general public, as well as more specifically to teens and their parents to assist with seamless family banking.

27.     Current's financial and banking services are of high quality and have received significant unsolicited coverage in various media, including CNBC, USA Today, and TechCrunch.

28.     As a result of Current's expenditures and efforts, the CURRENT Marks have come to signify the high quality of the financial services designated by the CURRENT Marks, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Current.

**B.      Defendants' Unlawful Activities**

29.     On June 18, 2019, Facebook announced that it had formed a subsidiary named Calibra, which will provide a digital wallet under the name "Calibra" for a new cryptocurrency named "Libra." The digital wallet will be offered via a mobile app that consumers can use to save, send, and spend money using the Libra cryptocurrency. Businesses can use Calibra to seamlessly accept payments from customers in person and online.

30.     Upon information and belief, Defendants Calibra, Facebook, and/or JLV (collectively the "Calibra Defendants") hired Defendant Character to create a branding identity for the Calibra digital wallet.

31.     Upon information and belief, Character created the below logo design for use in connection with the Calibra digital wallet (the "Infringing Mark"):



32.     Because Current had previously engaged Character to, among other things, design the CURRENT Marks and upon information and belief, at the time Character designed the

Infringing Mark, Character had full knowledge of the CURRENT Marks, and that Current was
providing mobile financial services nationwide under the CURRENT Marks.

33.    Upon information and belief, at the time Character designed the Infringing Mark,
Character was aware of the digital wallet banking services the Calibra Defendants were
intending to promote and sell under the Infringing Mark.

34.    Upon information and belief, Character failed to inform the Calibra Defendants
that it was providing them with a logo design nearly identical to the logo design Character had
previously created for Current for use in connection with nearly identical banking services.

35.    The Calibra Defendants adopted the Infringing Mark and, since June 2019 (when
Calibra and Facebook announced their plans to launch the Calibra digital wallet sometime in
2020), the Calibra Defendants have used the Infringing Mark to advertise and promote the
Calibra digital wallet and the services it will provide.

36.    As shown below, the Infringing Mark adopted and used by the Calibra
Defendants is not only confusingly similar to, but virtually identical to the CURRENT Marks.



37.    Upon information and belief, the Calibra Defendants have been engaged in the
advertising, marketing, and promotion of the digital wallet's banking and financial services
under the Infringing Mark throughout the United States through the same marketing channels as

Current uses to market its banking services; namely, on the Internet via its website (located at https://calibra.com) and through social media.

38.     Upon information and belief, the digital wallet's banking and financial services offered by the Calibra Defendants under the Infringing Mark have received substantial press coverage, including from CNN, Fox, CNBC, Reuters, BBC, and Yahoo! Finance.

39.     Upon information and belief, the Calibra services advertised, marketed, and promoted under the Infringing Mark by the Calibra Defendants are closely related to those provided by Current because they also involve financial services in Class 36, downloadable software for payment transactions and electronic funds transfers in Class 9, and non-downloadable software as a service for electronic payments and for transferring funds to and from others in Class 42.

40.     Upon information and belief, the Calibra Defendants intend to provide, offer for sale, and sell the Calibra goods and services under the Infringing Mark through the same trade channels as Current's services are provided, offered for sale, and sold; namely, to the general public online and through the mobile app stores.

41.     Current first became aware of the Infringing Mark in June 2019 when Facebook announced the planned launch of the Calibra digital wallet.

42.     On July 23, 2019, Current's counsel sent a letter to Defendant Calibra objecting to its use of the Infringing Mark.

43.     Current received no response to the July 23, 2019 letter.

44.     On August 2, 2019, Current's counsel sent a letter to the General Counsel of Facebook, again objecting to Calibra's use of the Infringing Mark.

45.     On August 12, 2019, counsel for Calibra responded by letter stating it was looking into the matter.

46.     Since August 14, 2019, Current's counsel and Calibra's counsel have exchanged email correspondence and participated in at least one telephone call in an attempt to discuss a mutually acceptable resolution of this matter.

47.     To date, these efforts have not been fruitful, and Current has received no response or evidence indicating that the Calibra Defendants will comply with Current's demand that they cease using the Infringing Mark.

48.     Defendants' infringing acts as alleged in this complaint have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of the Calibra digital wallet and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that the Calibra digital wallet app and Current's mobile banking services app, and the respective banking and financial services that may be performed through each app, originate from the same source.

49.     Defendants' infringing acts as alleged in this complaint have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that the Calibra digital wallet app and related banking and financial services are somehow associated or affiliated with Current, or that they are sponsored or authorized by Current.

50.     Defendants' infringing acts as alleged in this complaint have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Current's online and mobile banking app and related banking and financial services are somehow associated or affiliated with Calibra, or that they are sponsored or authorized by Calibra.

51.     Upon information and belief, the Calibra Defendants' continued use of the Infringing Mark despite actual notice of Current's prior intellectual property rights is willful, with the deliberate intent to trade on the goodwill of the CURRENT Marks and cause confusion and deception in the marketplace.

52.     Upon information and belief, Defendant Character's acts were willful with the deliberate intent to provide the Calibra Defendants with a branding identity that Character knew it had previously sold to Current, enabling the Calibra Defendants to infringe the CURRENT Marks.

53.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Current and to its valuable reputation and goodwill with the consuming public for which Current has no adequate remedy at law.

## COUNT ONE

### FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)
### (Against the Calibra Defendants)

54.     Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

55.     Without Current's consent, the Calibra Defendants have used and continue to use in commerce the Infringing Mark in connection with the advertising and promotion of the Calibra Defendants' products and services.

56.     These uses of the Infringing Mark have caused and are likely to cause confusion, mistake, and deception as to the affiliation, connection, or association with, or sponsorship or approval by, Current.

57.     Upon information and belief, the Calibra Defendants' conduct as alleged herein is willful, as they have continued to use the Infringing Mark despite receiving several cease-and-desist letters from Current and being aware of Current's rights to the CURRENT Marks.

58.     Upon information and belief, the Calibra Defendants' conduct is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Calibra Defendants with Current.

59.     The Calibra Defendants' conduct constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.     The Calibra Defendants' conduct is causing immediate and irreparable harm and injury to Current, and to its goodwill and reputation, and will continue to both damage Current and confuse the public unless enjoined by this court. Current has no adequate remedy at law for this irreparable harm.

61.     Current is entitled to, among other relief, injunctive relief and an award of actual damages, the Calibra Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (Against the Calibra Defendants)

62.     Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

63.     Without Current's consent, the Calibra Defendants have used and continue to use in commerce the Infringing Mark in connection with the advertising and promotion of the Calibra Defendants' products and services.

64.    This use of the Infringing Mark has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association with, or sponsorship or approval by, Current.

65.    Upon information and belief, the Calibra Defendants' conduct as alleged herein is willful, as they have continued to use the Infringing Mark despite receiving several cease-and-desist letters from Current and being aware of Current's rights to the CURRENT Marks.

66.    Upon information and belief, the Calibra Defendants' conduct is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Calibra Defendants with Current.

67.    The Calibra Defendants' conduct as alleged herein constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.    The Calibra Defendants' conduct is causing immediate and irreparable harm and injury to Current, and to its goodwill and reputation, and will continue to both damage Current and confuse the public unless enjoined by this court. Current has no adequate remedy at law for this irreparable harm.

69.    Current is entitled to, among other relief, injunctive relief and an award of actual damages, the Calibra Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**(Against the Calibra Defendants)**

70.     Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

71.     Current owns common law rights in the CURRENT Marks through the extensive, continuous, and exclusive use of those marks in the United States.

72.     The Calibra Defendants have knowledge of Current's superior rights in the CURRENT Marks.

73.     The Calibra Defendants have used and continue to use the Infringing Mark in connection with the advertising, promotion, and sale of their products and services without Current's authorization.

74.     Through their unauthorized conduct, the Calibra Defendants have unfairly appropriated or exploited the special qualities associated with the CURRENT Marks, resulting in the misappropriation of a commercial advantage belonging to Current.

75.     The Calibra Defendants' unauthorized use of the Infringing Marks has caused and is likely to cause confusion, mistake, and deception as to their affiliation, connection, association with, or sponsorship or approval by Current, in violation of New York or other applicable state common law.

76.     The Calibra Defendants' unauthorized use of the Infringing Mark has caused and is likely to cause confusion, mistake, and deception as to whether Current is the source of the Calibra digital wallet, or whether the Calibra digital wallet is endorsed or sponsored by, or otherwise associated or affiliated with, Current, in violation of common law.

77.     As a result of the Calibra Defendants' unlawful conduct, Current has suffered and is likely to continue to suffer damages, and the Calibra Defendants have obtained profits and/or unjust enrichment.

78.     Unless the Calibra Defendants are permanently enjoined from their wrongful conduct, Current will continue to suffer irreparable injury for which it has no adequate remedy at law.

79.     Current is entitled to, among other relief, injunctive relief, an award of actual damages, the Calibra Defendants' profits, and enhanced damages and profits and, together with prejudgment and post-judgment interest.

## COUNT FOUR

### VICARIOUS TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)
### (Against Defendant Facebook)

80.     Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

81.     As previously alleged, the Calibra Defendants, including Calibra and JLV, have engaged in direct trademark infringement by infringing upon the CURRENT Marks through their use of the Infringing Mark.

82.     On information and belief, Calibra and JLV are both subsidiaries of, and are wholly owned and controlled by, Facebook.

83.     On information and belief, Facebook exercises control over Calibra and JLV at all times, including, among other things, in regard to the selection, use, and marketing of the Infringing Mark, defining the nature of Calibra's business, JLV's holding of the Infringing Mark, and JLV's providing Calibra with the Infringing Mark for use in commerce.

15

84.    Facebook's actions have made it a co-participant in Calibra and JLV's infringement of the CURRENT Marks.

85.    On information and belief, Calibra's use of the Infringing Mark is at the direction of Facebook, is within Calibra's scope of authority as an agent, and has been ratified by Facebook through continued use and marketing of the Infringing Mark by both Calibra and by Facebook.

86.    Facebook's actions have caused and are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Calibra Defendants with Current.

87.    Further, the infringement of the CURRENT Marks is causing immediate and irreparable harm and injury to Current, and to its goodwill and reputation, and will continue to both damage Current and confuse the public unless enjoined by this court. Current has no adequate remedy at law for this irreparable harm.

88.    Facebook's conduct as alleged herein constitutes vicarious trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

89.    Upon information and belief, Facebook's conduct as alleged herein is willful because Facebook has continued to allow the Calibra Defendants to use the Infringing Mark despite receiving several cease-and-desist letters from Current and being aware of Current's prior rights to the CURRENT Marks.

90.    Current is entitled to, among other relief, injunctive relief and an award of actual damages, Facebook's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT FIVE

### VICARIOUS FEDERAL UNFAIR COMPETITION
### AND FALSE DESIGNATION OF ORIGIN
### (Against Defendant Facebook)

91.     Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

92.     As previously alleged, the Calibra Defendants, including Calibra and JLV, have engaged in direct trademark infringement by infringing upon the CURRENT Marks through their use of the Infringing Mark.

93.     Calibra and JLV are both subsidiaries of, and are owned and controlled by, Facebook.

94.     Facebook exercised control over Calibra and JLV at all times, including, among other things, in regard to the selection, use, and marketing of the Infringing Mark, the nature of Calibra's business, JLV's holding of the Infringing Mark, and JLV's providing Calibra with the Infringing Mark for use in commerce.

95.     Facebook's actions have made it a co-participant in Calibra and JLV's infringement of the CURRENT Marks.

96.     Facebook's actions have caused and are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Calibra Defendants with Current.

97.     Further, the infringement of the CURRENT Marks is causing immediate and irreparable harm and injury to Current, and to its goodwill and reputation, and will continue to both damage Current and confuse the public unless enjoined by this court. Current has no adequate remedy at law for this irreparable harm.

98.     Facebook's conduct as alleged herein constitutes vicarious unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

17

99.     Upon information and belief, Facebook's conduct as alleged herein is willful because Facebook has continued to allow the Calibra Defendants to use the Infringing Mark despite receiving several cease-and-desist letters from Current and being aware of Current's rights to the CURRENT Marks.

100.    Current is entitled to, among other relief, injunctive relief and an award of actual damages, Facebook's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT SIX

### VICARIOUS TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION UNDER COMMON LAW
### (Against Defendant Facebook)

101.    Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

102.    As previously alleged, the Calibra Defendants, including Calibra and JLV, have engaged in direct trademark infringement by infringing upon the CURRENT Marks through their use of the Infringing Mark.

103.    Calibra and JLV are both subsidiaries of, and are owned and controlled by, Facebook.

104.    Facebook exercised control over Calibra and JLV at all times, including, among other things, in regard to the selection, use, and marketing of the Infringing Mark, the nature of Calibra's business, JLV's holding of the Infringing Mark, and JLV's providing Calibra with the Infringing Mark for use in commerce.

105.    Facebook's actions have made it a co-participant in Calibra and JLV's infringement of the CURRENT Marks.

106.    Facebook's actions have caused and are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Calibra Defendants with Current.

107.    Further, the infringement of the CURRENT Marks is causing immediate and irreparable harm and injury to Current, and to its goodwill and reputation, and will continue to both damage Current and confuse the public unless enjoined by this court. Current has no adequate remedy at law for this irreparable harm.

108.    Facebook's conduct as alleged herein constitutes vicarious trademark infringement and unfair competition in violation of New York law or other applicable state common law.

109.    Upon information and belief, Facebook's conduct as alleged herein is willful because Facebook has continued to allow the Calibra Defendants to use the Infringing Mark despite receiving several cease-and-desist letters from Current and being aware of Current's rights to the CURRENT Marks.

110.    As a result of the Calibra Defendants' unlawful conduct, Current has suffered and is likely to continue to suffer damages, and Calibra Defendants have obtained profits and/or unjust enrichment.

111.    Unless the Calibra Defendants are permanently enjoined from their wrongful conduct, Current will continue to suffer irreparable injury for which it has no adequate remedy at law.

112.    Current is entitled to, among other relief, injunctive relief, an award of actual damages, the Calibra Defendants' profits, and enhanced damages and profits and, together with prejudgment and post-judgment interest.

## COUNT SEVEN

### CONTRIBUTORY TRADEMARK INFRINGEMENT
### IN VIOLATION OF 15 U.S.C. § 1125(a)
### (Against Defendant Character)

113.    Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

114.    As previously alleged, the Calibra Defendants have engaged in direct trademark infringement by infringing upon the CURRENT Marks through their use of the Infringing Mark.

115.    Upon information and belief, Character designed and took affirmative acts to assist the Calibra Defendants in their respective direct and vicarious trademark infringement by supplying the Calibra Defendants with the Infringing Mark.

116.    At the time Character designed and supplied the Calibra Defendants with the Infringing Mark, it knew or should have known that Current was using the CURRENT Marks and providing financial services under the CURRENT Marks.

117.    At the time Character designed and supplied the Calibra Defendants with the Infringing Mark, it knew or should have known that the Calibra Defendants intended to provide financial services under the Infringing Mark.

118.    On information and belief, Character possesses the resources and design archive to cross-reference designs and logos provided to prior clients yet declined to ensure that the Infringing Mark did not conflict with prior designs or logos Character provided to its clients, including the CURRENT Marks.

119.    Given the foregoing and upon information and belief, Character continued to supply the Calibra Defendants with the Infringing Mark despite having actual or constructive knowledge that the Calibra Defendants' use of the Infringing Mark would infringe on the CURRENT Marks.

120.    By supplying the Calibra Defendants with the Infringing Marks, Character caused, enabled, and/or assisted the Calibra Defendants to infringe on the CURRENT Marks.

121.    On information and belief, Character has taken no remedial actions to mitigate the infringing conduct of the Calibra Defendants.

122.    On information and belief, Character has taken actions to obscure its own assistance in causing and enabling the infringing conduct, including removing posts on its Internet website available at http://charactersf.com and from the LinkedIn account of its Creative Director, Ben Pham, promoting its design services related to the Infringing Mark as provided to the Calibra Defendants.

123.    Character's assisting and/or enabling the Calibra Defendants to infringe the Current Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Calibra Defendants with Current.

124.    Further, the infringement of the CURRENT Marks is causing immediate and irreparable harm and injury to Current, and to its goodwill and reputation, and will continue to both damage Current and confuse the public unless enjoined by this court. Current has no adequate remedy at law for this irreparable harm.

125.    Character's conduct as alleged herein constitutes contributory trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

126.    Current is entitled to, among other relief, injunctive relief and an award of actual damages, Character's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT EIGHT

### CONTRIBUTORY FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
(Against Defendant Character)

127.    Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

128.    As previously alleged, the Calibra Defendants have engaged in direct unfair competition and false designation of origin by infringing upon the CURRENT Marks through their use of the Infringing Mark.

129.    Character designed and supplied the Calibra Defendants with the Infringing Mark.

130.    At the time Character designed and supplied the Calibra Defendants with the Infringing Mark, it knew or should have known that Current was using the CURRENT Marks and providing financial services under the CURRENT Marks.

131.    At the time Character designed and supplied the Calibra Defendants with the Infringing Mark, it knew or should have known that the Calibra Defendants intended to provide financial services under the Infringing Mark.

132.    Given the foregoing and on information and belief, Character continued to supply the Calibra Defendants with the Infringing Mark despite having actual or constructive knowledge that the Calibra Defendants' use of the Infringing Mark would infringe on the CURRENT Marks.

22

133.    By supplying the Calibra Defendants with the Infringing Marks, Character caused, enabled, and/or assisted the Calibra Defendants to infringe on the CURRENT Marks.

134.    Character's assisting and/or enabling the Calibra Defendants to infringe the Current Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Calibra Defendants with Current.

135.    Further, the infringement of the CURRENT Marks is causing immediate and irreparable harm and injury to Current, and to its goodwill and reputation, and will continue to both damage Current and confuse the public unless enjoined by this court. Current has no adequate remedy at law for this irreparable harm.

136.    Character's conduct as alleged herein constitutes contributory unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

137.    Current is entitled to, among other relief, injunctive relief and an award of actual damages, and Character's profits, together with prejudgment and post-judgment interest.

## COUNT NINE

### CONTRIBUTORY TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER COMMON LAW
### (Against Defendant Character)

138.    Current repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

139.    As previously alleged, the Calibra Defendants have engaged in direct trademark infringement and unfair competition by infringing upon the CURRENT Marks through their use of the Infringing Mark.

140.    Character designed and supplied the Calibra Defendants with the Infringing Mark.

141.    At the time Character designed and supplied the Calibra Defendants with the Infringing Mark, it knew or should have known that Current was using the CURRENT Marks and providing financial services under the CURRENT Marks.

142.    At the time Character designed and supplied the Calibra Defendants with the Infringing Mark, it knew or should have known that the Calibra Defendants intended to provide financial services under the Infringing Mark.

143.    Given the foregoing and on information and belief, Character continued to supply the Calibra Defendants with the Infringing Mark despite having actual or constructive knowledge that the Calibra Defendants' use of the Infringing Mark would infringe on the CURRENT Marks.

144.    By supplying the Calibra Defendants with the Infringing Marks, Character caused, enabled, and/or assisted the Calibra Defendants to infringe on the CURRENT Marks.

145.    Character's assisting and/or enabling the Calibra Defendants to infringe the Current Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Calibra Defendants with Current.

146.    Further, the infringement of the CURRENT Marks is causing immediate and irreparable harm and injury to Current, and to its goodwill and reputation, and will continue to both damage Current and confuse the public unless enjoined by this court. Current has no adequate remedy at law for this irreparable harm.

147.    Character's conduct as alleged herein constitutes contributory trademark infringement and unfair competition in violation of New York law or other applicable state common law.

148.    Current is entitled to, among other relief, injunctive relief and an award of actual damages, and Character's profits, together with prejudgment and post-judgment interest.

### COUNT TEN

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Against Defendant Character)**

149.    Current repeats and realleges the foregoing paragraphs as if fully set forth herein.

150.    Upon information and belief, Current had either a direct contractual relationship with Character, or was a third-party beneficiary under a contract between Character and another party. The purpose of the contract was to design one or more marks that Current could use in commerce to identify itself and its products and services. Current paid Character for its services.

151.    At the time Character was engaged by Current and designed the CURRENT Marks, Character knew that the purpose of its design work was to assist Current in creating a brand identity by designing one or more marks that Current would use as trademarks in commerce to identify itself and/or its products and services and allow Current to cultivate consumer good will around that brand identity. Further, Character knew that Current was offering financial services nationwide under the CURRENT Marks.

152.    Any reasonable person in Character's position would have understood that the contract it had with Current included a promise not to reuse the CURRENT Marks for another client, especially not one in the financial services market or any other related industry, as reusing the CURRENT Marks would deprive Current of the fruits and benefits of the contract.

153.    By reusing the CURRENT Marks when designing the Infringing Mark for the Calibra Defendants, Character breached the covenant of good faith and fair dealing.

154.    Character's breach has damaged Current, including by impairing and damaging the distinctiveness of the CURRENT Marks by causing the public to no longer associate the

CURRENT Marks exclusively with Current, and by damaging the reputation and goodwill Current has developed in the CURRENT Marks.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Current requests judgment against the Calibra Defendants as follows:

155. That the Court render a final judgment in favor of Plaintiff Current and against the Calibra Defendants on Counts One through Three of the complaint.

156. That the Calibra Defendants be adjudged to have infringed Current's rights in and to the CURRENT Marks;

157. That the Court render a final judgment declaring that Calibra Defendants have willfully infringed Current's rights in and to the CURRENT Marks;

158. That the Calibra Defendants be ordered to pay Current all damages Current has sustained by virtue of the Calibra Defendants' actions as alleged herein;

159. That, because of the exceptional nature of this case resulting from the Calibra Defendants' actions, that the Court award Current treble damages and its reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117;

160. That Current be awarded punitive damages and attorneys' fees as permitted by applicable law;

161. That Current be awarded pre-judgment and post-judgment interest as permitted by applicable law;

162. That, pursuant to 15 U.S.C. §1116 and the common law, Calibra Defendants and their agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with them, be preliminarily and permanently enjoined

from doing, abiding, causing or abetting any direct or indirect use of Current's CURRENT Marks, or any confusingly similar trademark or trade name, in any way, including in advertising, promoting, or selling the Calibra Defendants' goods and services;

163.   That the Calibra Defendants be ordered to provide complete accountings for equitable relief, including that the Calibra Defendants disgorge and return or pay its ill-gotten gains and/or pay restitution, including the amount of monies that should have been paid if the Calibra Defendants complied with their legal obligations, or as equity requires;

164.   For such other and further relief in Current's favor as the Court may deem just and equitable.

WHEREFORE, Plaintiff Current further requests judgment against Defendant Facebook as follows:

A.   That the Court render a final judgment in favor of Plaintiff Current and against Facebook on Counts Four through Six of the complaint.

B.   That Facebook be adjudged to have vicariously infringed Current's rights in and to the CURRENT Marks;

C.   That the Court render a final judgment declaring that Calibra Defendants have willfully infringed Current's rights in and to the CURRENT Marks;

D.   That Facebook be ordered to pay Current all damages Current has sustained by virtue of Facebook's and the Calibra Defendants' actions as alleged herein;

E.   That, because of the exceptional nature of this case resulting from Facebook's actions, that the Court award Current treble damages and its reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117;

F.      That Current be awarded punitive damages and attorneys' fees as permitted by applicable law;

G.      That Current be awarded pre-judgment and post-judgment interest as permitted by applicable law;

H.      That, pursuant to 15 U.S.C. §1116 and the common law, Facebook and its agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with them, be preliminarily and permanently enjoined from doing, abiding, causing or abetting any direct or indirect use of Current's CURRENT Marks, or any confusingly similar trademark or trade name, in any way, including in advertising, promoting, or selling Calibra Defendants' goods and services;

I.      That Facebook be ordered to provide complete accountings and for equitable relief, including that Facebook disgorge and return or pay its ill-gotten gains and/or pay restitution, including the amount of monies that should have been paid if Facebook complied with their legal obligations, or as equity requires;

J.      For such other and further relief in Current's favor as the Court may deem just and equitable.

WHEREFORE, Plaintiff Current requests judgment against Defendant Character as follows:

A.      That the Court render a final judgment in favor of Plaintiff Current and against Character on Counts Seven through Ten of the complaint.

B.      That Character be adjudged to have contributorily infringed Current's rights in and to the CURRENT Marks;

28

C.      That the Court render a final judgment declaring that Character has willfully infringed Current's rights in and to the CURRENT Marks;

D.      That the Court render a final judgment declaring that Character breached the covenant of good faith and fair dealing;

E.      That Character be ordered to pay Current all damages Current has sustained by virtue of Character's actions as alleged herein;

F.      That, because of the exceptional nature of this case resulting from Character's actions, that the Court award Current treble damages and its reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117;

G.      That Current be awarded punitive damages and attorneys' fees as permitted by applicable law;

H.      That Current be awarded pre-judgment and post-judgment interest as permitted by applicable law;

I.      That, pursuant to 15 U.S.C. §1116 and the common law, Character and its agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with them, be preliminarily and permanently enjoined from doing, abiding, causing or abetting any direct or indirect use of Current's CURRENT Marks, or any confusingly similar trademark or trade name, in any way, including in advertising, promoting, or selling Calibra Defendants' goods and services;

J.      That Character be ordered to provide complete accountings and for equitable relief, including that Character disgorge and return or pay its ill-gotten gains and/or pay restitution, including the amount of monies that should have been paid if Character complied with their legal obligations, or as equity requires;

29

K.     For such other and further relief in Current's favor as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Current demands a trial by jury of all issues triable by jury.


Dated:   October 10, 2019                    Respectfully submitted,


                                             __/s/ *Kandis M. Koustenis*_____
                                             Kandis M. Koustenis
                                             **PROTORAE LAW PLLC**
                                             1921 Gallows Road, Ninth Floor
                                             Tysons, VA 22182
                                             (703) 749-8507
                                             (703) 942-6758 (fax)
                                             kkoustenis@protoraelaw.com

                                             *Counsel for Plaintiff Finco Services, Inc.*