**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FINCO SERVICES, INC., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| -against- | ) Case No. 1:19-cv-9410 (PKC) (KHP) |
| | ) |
| FACEBOOK, INC., CALIBRA, INC., | ) **STIPULATION AND [PROPOSED]** |
| JLV, LLC, and CHARACTER SF, LLC, | ) **PROTECTIVE ORDER** |
| | ) |
| *Defendants.* | ) |
| | ) |

       **WHEREAS, the parties have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby**

       **ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:**

       1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential - Attorneys Eyes Only Discovery Material to anyone else except as expressly permitted hereunder, and such Discovery Material will be held and used by the person receiving such information solely for use in connection with the action.

2.     The party producing any given Discovery Material (the "Producing Party") may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary and not generally known, and which the Producing Party would not normally reveal to third parties.

3.     The Producing Party may designate any document or information, in whole or in part, as "Highly Confidential - Attorneys' Eyes Only" if counsel determines that such designation is necessary to protect the interests of the client in Confidential Information that is extremely sensitive ("Highly Confidential Information"), disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including without limitation financial information, source code, trade secrets, or other competitively sensitive information about future business, product, or strategic plans.

4.     Information and documents designated by a party as confidential will be stamped "Confidential" or "Highly Confidential - Attorneys' Eyes Only" to each page that contains such material in a manner that will not interfere with legibility or audibility.

5.     Counsel for the Producing Party or the deponent may designate portions of the deposition transcript (including, but not limited to, rough and real-time transcripts) and exhibits (collectively, the "Deposition Record") as containing Confidential or Highly Confidential Information by either (i) identifying such portions on the record or (ii) serving on the Parties a written communication (including without limitation a written communication by letter or electronic mail).  Counsel must make such designation within thirty (30) days after receipt of the final deposition transcript, receipt of a copy of the final deposition transcript, or receipt of written notification that the final deposition transcript is available (the "Review Period").   Prior

to and during the Review Period, the Deposition Record shall be treated as Highly Confidential

Information under this Order.  At the expiration of the Review Period, any designations made on

the record or by written communication shall control, subject to a Party's right to contest them as

provided in Paragraph 6.  In addition, the applicable confidentiality designation shall be placed

on the front of the original deposition transcript and each copy of the transcript containing

Confidential or Highly Confidential Information, together with a legend stating, "Designated

parts not to be used, copied, or disclosed except as authorized by Court Order."  The applicable

confidentiality designation also shall be placed on each page of the transcript that contains such

Confidential or Highly Confidential Information.  If all or part of a videotaped deposition is

designated as Confidential or Highly Confidential Information, the videocassette, videotape

container, DVD, or other storage device shall also be labeled with the applicable confidentiality

designation.  Notwithstanding the foregoing, the deponent may review the transcript at any time.

6.      In the event a party challenges another party's designation of confidentiality,

counsel will make a good faith effort to resolve the dispute, and in the absence of a resolution,

the challenging party may seek resolution by the Court. Nothing in this Protective Order

constitutes an admission by any party that Confidential Information disclosed in this case is

relevant or admissible. Each party reserves the right to object to the use or admissibility of the

Confidential Information.

7.      Unless otherwise ordered by the Court or permitted in writing by the designating

party, all documents designated as "Confidential" shall not be disclosed to any person, except:

(a)      The requesting party and counsel, including in-house counsel;

(b)      Outside counsel retained specifically for this action;

(c)      Employees of such outside counsel assigned to and necessary to assist in the litigation;

(d)      As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with the consent of the designating party or as ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information or Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this protective order;

(f)      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

(g)      Stenographers engaged to transcribe depositions conducted in this action;

(h)      Professional vendors to whom disclosure is reasonably necessary for this action; and

(i)      The Court and its personnel (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

8.      Unless otherwise ordered by the Court or permitted in writing by the designating party, all documents designated as "Highly Confidential - Attorneys' Eyes Only" Information pursuant to this Order shall be limited to persons described in Paragraphs 7(b) through (d), and 7 (f) through (i) but only to the extent reasonably necessary for litigation purposes and such

information shall not be given, shown, made available, communicated, or otherwise disclosed to any other person.

9.     Prior to disclosing or displaying the Confidential or Highly Confidential Information to any person, counsel must:

(a)     Inform the person of the confidential nature of the information or documents;

(b)     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c)     For the persons described in Paragraphs 7 (a), (e), (f) and (h), require each such person to sign an agreement to be bound by this Order in the form attached hereto.

10.     Unless otherwise ordered by the Court or agreed to in writing by the designating party, a Party that seeks to disclose to a person described in Paragraph 7 (f) any information or item that has been designated Highly Confidential first must make a written request to the designating party that (1) identifies the general categories of Highly Confidential Information that the receiving party seeks permission to disclose to that person, (2) sets forth the full name of the person and the city and state of his or her primary residence, (3) attaches a copy of the person's current resume, including all prior employers in the area of expertise for which they have been designated, (4) identifies the person's current employer(s), (5) identifies each person or entity to whom the person has provided professional services, in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the person has offered expert testimony, including through a

5

declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any patents or patent applications in which the person is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the information sought through part (5) of this disclosure, if the person believes any of this information is subject to a confidentiality obligation to a third party, then the person should provide whatever information the person believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the person shall be available to meet and confer with the designating party regarding any such engagement.

11.     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject protected material to the identified person unless, within 10 days of delivering the request, the Party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

12.     A Party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the person described in Paragraph 7 (f) may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the person is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e.,

the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

13.    In any such proceeding, the Party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the subject material.

14.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the agreement to be bound by this Order in the form attached hereto. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Information subject to all the terms of this Stipulation and Order.

15.    Any personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall

immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

16.     Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

17.     Where due to the timing of the filing, the procedure in Paragraph 16 above is not practical, and where the filing of Confidential Information or Highly Confidential Information is required, the following provisions will apply:

(a)     The parties shall file or place under seal all pleadings or other Court filings containing Confidential Information or Highly Confidential Information to prevent

disclosure to anyone other than those permitted to access such information pursuant to this protective order.  Such under seal filings shall be deemed filed on the date that service is made on all parties, provided that within a reasonable time after service a courtesy copy is delivered to the presiding Judge, a public version of such filing with any necessary redactions is filed with this Court, and an under seal version of such filing is submitted to this Court pursuant to the Court's rules.  In the event that any Confidential Information or Highly Confidential Information is used in this action, the parties agree that it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to protect its confidentiality.

(b)    If the Court Clerk shall refuse to file a sealed pleading or Court filing, the party attempting to file the pleading or Court filing shall not be prejudiced from seeking to have such document filed under seal through a motion.  Any party who in good faith believes that a document should be filed under seal pursuant to this protective order may make an application to this Court to permit filing under seal within fourteen (14) days of learning of any such filing.

(c)    Regardless of any provision in this protective order to the contrary, a party is not required to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

(d)    Any further restrictions that will govern the use of Confidential Information or Highly Confidential Information at trial or hearings will be determined at a later date by the parties, in consultation with the Court if necessary.  In the interim, no party shall disclose any Confidential Information or Highly Confidential Information at

9

any hearing in this matter absent adequate advance notice to the producing party with opportunity to request that the courtroom be sealed prior to disclosure of any such protected material.

18.     If, in connection with this litigation, a party inadvertently discloses documents or communications, electronically stored information ("ESI") or information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter, provided that, after it discovers the inadvertent production, the disclosing party notifies the receiving party of the inadvertent production in writing.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.  The obligations of the receiving party are set forth in Federal Rule of Civil Procedure 26 (b) (5) (B).

20.     At the conclusion of litigation (after entry of final judgment no longer subject to further appeal)  a producing party may give notice to a receiving party that all materials designated by the producing party as Confidential and Highly Confidential Information and any copies thereof should  be promptly returned to the producing party or certified as destroyed. Within  30 days after such notice,  the receiving party shall return or destroy such materials and

10

certify such return or destruction in a way that (1) identifies (by category, where appropriate) all the Confidential or Highly Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other format reproducing or capturing any of the Confidential or Highly Confidential Information, except that the parties' counsel shall be permitted to retain working files of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, on the condition that those files will remain protected if they contain Confidential or Highly Confidential Information.

21.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order directs otherwise. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials or reviews of this action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

22.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena or court order issued in other litigation. If a party is served with a subpoena or order that compels disclosure, the party receiving the subpoena must:

    (a)     Promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

11

(b)      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)      Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose material may be affected.

23.      If the designating party timely seek a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as Confidential or Highly Confidential before a determination by the Court from which the subpoena or court order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45 (d)(3) or (f).

24.      The Highly Confidential Information disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The receiving party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

25.      No Highly Confidential Information may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Highly Confidential Information (including copies) in physical and electronic form.  The viewing of this information

through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

### SO STIPULATED AND AGREED.

Dated: February 7, 2020

 /s/ Scott Dinner
Kandis M. Koustenis
Scott Dinner (admitted *pro hac vice*)
PROTORAE LAW PLLC
1921 Gallows Road, Ninth Floor
Tysons, VA 22182
(703) 749-8507
kkoustenis@protoraelaw.com

*Counsel for Plaintiff Finco Services, Inc.*

Dated: February 7, 2020

 /s/ Dale M. Cendali
Dale M. Cendali
Johanna Schmitt
Jordan Romanoff
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
dale.cendali@kirkland.com
johanna.schmitt@kirkland.com
jordan.romanoff@kirkland.com

*Counsel for Defendants Facebook, Inc.,
Calibra, Inc. and JVL, LLC*

Dated: February 7, 2020

 /s/ Kevin M. Wallace
Kevin M. Wallace
Mark H. Tidman
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 861-1500
kwallace@bakerlaw.com
mtidman@bakerlaw.com

*Counsel for Defendant Character SF, LLC*

**SO ORDERED.**

Dated: 2/10/2020

New York, New York

P. Kevin Castel
United States District Judge

**<u>AGREEMENT</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Finco Services, Inc. v. Facebook, Inc. et al.*, Case No. 19-cv-9410 (PKC) (KHP) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

Signature: _____

Signed in the presence of:

_____
(Attorney)