# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Mark H. Tidman
direct dial: 202.861.1670
mtidman@bakerlaw.com

March 17, 2020

**VIA ECF**

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Finco Services, Inc. v. Facebook, Inc. et al. 19-cv-9410 (PKC)

Dear Judge Castel:

Defendant Character SF, LLC ("Character") writes in response to Plaintiff Finco Services, Inc. ("Plaintiff") March 17 letter (Dkt. 63) regarding its Second Amended Complaint (Dkt. 59).

In our March 12 letter to Your Honor, we indicated it was our belief that Plaintiff filed the Second Amended Complaint as a way to delay the Motion to Dismiss briefing schedule.  Instead, it appears that Plaintiff is seeking to amend its claims *in the midst* of briefing, *after* Character has filed its motion and brief as to the underlying claims, presumably to fit into whatever opposition brief it intends.  In short, Plaintiff is seeking to move the goalposts in the middle of briefing.

The first Complaint asserted a breach of good faith and fair dealing claim, as well as contributory trademark infringement and unfair competition claims (Dkt. 1).  We directed a pre-motion letter to those claims (Dkt. 27).  Then, Plaintiff filed its Amended Complaint to revise the breach of good faith and fair dealing claim to a breach of contract claim, among other changes (Dkt. 41), so we revised our second pre-motion letter and motion accordingly (Dkt. 43, 54).  That is the operative complaint to which our Motion to Dismiss is directed.  Now, Plaintiff seeks to change the underlying document via a Second Amended Complaint revising the breach of contract claim back to a breach of good faith and fair dealing claim, among other changes, effectively moving the goalposts following Character's main brief but in time for its own opposition brief.

Aside from the fact that Plaintiff has not sought leave of the court, which it was required to do, the contemplated amendment in the midst of briefing is inappropriate and should be disallowed.  Further, this undermines Your Honor's pre-motion letter procedure, which is intended to avoid the exact situation Plaintiff now finds itself in.  As we noted in our March 12 letter, Plaintiff responded to Character's second pre-motion letter stating it "does not seek leave to amend again before any briefing."  (Dkt. 50).  Character's eventual Motion To Dismiss

Hon. P. Kevin Castel
March 17, 2020
Page 2

addressed Plaintiff's claims, including its breach of contract claim, in much the same way we outlined in Character's second pre-motion letter. If Plaintiff desired to again amend its complaint, it should have sought leave at that time instead of wasting the parties' resources and the resources of this Court.

Please let us know if Your Honor requires anything further in this matter.

Respectfully submitted,

Mark H. Tidman

cc:   Kandis M. Koustenis, Counsel for Plaintiff (*via ECF & email*)
      Dale Margaret Cendali, Counsel for Facebook Defendants (*via ECF & email*)

4829-3068-8439.2